1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deana Shafer,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Jo Anne B. Barnhart, Commissioner of  )<br>Social Security,  )<br>  )<br>Defendant.  )<br>_____ ) | No. CV-05-1374-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Docs. ##10, 14. The parties have filed responses to the motions. Docs. ##13-14, 17. For the reasons set forth below, the Court will deny Plaintiff's motion and grant Defendant's cross-motion.

**Background**

Plaintiff applied for disability insurance benefits and supplemental security income on April 1, 2003, claiming a disability onset date of March 6, 2003. Doc. #7A, Tr. 56-58, 341-42. The applications were denied initially and on reconsideration. Tr. 26-31, 34-37. A hearing before an Administrative Law Judge ("ALJ") was held on January 18, 2005. Tr. 360-411. The ALJ issued a written decision on January 26, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 14-21. This decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for

1  review on February 9, 2005. Tr. 6-8, 10. Plaintiff then commenced this action for judicial
2  review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Doc. #1.

# Discussion

## I. Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Id.*

## II. Analysis.

The ALJ found that Plaintiff had the following severe impairments: asthma, diabetes, obesity, back disorder, and affective and anxiety disorders. Tr. 16, 20 ¶ 3. The ALJ concluded that these impairments were not severe enough to meet or medically equal a listed impairment. Tr. 16, 20 ¶ 4. The ALJ further concluded that Plaintiff had the residual functional capacity ("RFC") to perform both her past work as a machine operator and telephone operator and a range of light work that exists in significant numbers in the national economy. Tr. 20-21 ¶¶ 6-8.

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC by giving improper weight to the opinions of treating sources and discounting Plaintiff's testimony regarding her inability to work. Doc. #12 at 3-13. Plaintiff further argues that the ALJ incorrectly found that Plaintiff can perform her past work. *Id.* at 13. Defendant contends that the ALJ did not err and that her decision is supported by substantial evidence. Doc. #15 at 3-13.

### A. Did the ALJ Give Proper Weight to the Opinions of Treating Sources?

#### 1. Patricia Hartnett, P.A.-C.

Patricia Hartnett is a certified physician's assistant at New Arizona Family, Inc. Ms. Hartnett stated in a letter to the Social Security Administration that Plaintiff was unable

1  to work due to the disabling nature of her neurovegetative symptoms. Tr. 233. Ms. Hartnett
2  indicated in an RFC assessment that Plaintiff was seriously limited in her ability to relate to
3  coworkers, interact with supervisors, and carry out simple job instructions and had no useful
4  ability to maintain concentration, demonstrate reliability, carry out complex job instructions,
5  and deal with the public and work stresses. Tr. 235-37.

6  After evaluating Plaintiff's treatment records and progress notes from New Arizona
7  Family, the ALJ stated the following with respect to Ms. Hartnett's opinions:

> A statement by Patricia Hartnett . . . is not accepted, as it was not supported by any medical treatment or by any detailed explanation ([Tr. 233]). A medical assessment in [Tr. 235-37], was not supported by any testing, including the above progress notes.

11  Tr. 19. Plaintiff contends that the ALJ failed to provide adequate rationale for his decision
12  to reject Ms. Hartnett's opinions. Doc. #12 at 4-5.

13  The Court disagrees. The ALJ need not accept the opinion of any medical source,
14  including a treating source, "if that opinion is brief, conclusory, and inadequately supported
15  by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney*
16  *v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)); *see Bayliss v. Barnhart*, 427 F.3d 1211,
17  1216 (9th Cir. 2005) (same). Ms. Hartnett's statement that Plaintiff was unable to work is
18  conclusory and is not supported by any clinical findings. *See* Tr. 233. The ALJ did not err
19  in rejecting the statement. *See Thomas*, 278 F.3d at 957; *Bayliss*, 427 F.3d at 1216.

20  Nor did the ALJ err in rejecting Ms. Hartnett's RFC assessment. The ALJ evaluated
21  Plaintiff's medical records from New Arizona Family and concluded that they did not
22  support Ms. Hartnett's assessment. Tr. 18-19. The ALJ stated that most of the visits to New
23  Arizona Family were for assistance in obtaining medications and social services, not
24  treatment, and that the medical records showed that Plaintiff's condition had improved and
25  that she was doing well on medications. *Id.* The ALJ also found that the medical records
26  were consistent with examining doctors' opinions regarding Plaintiff's limitations and a State
27  agency psychiatric review technique form indicating that Plaintiff's limitations were
28  non-severe with medications and continued treatment. Tr. 18; *see* Tr. 172-202.

- 3 -

1  "The ALJ is responsible for determining credibility, resolving conflicts in medical
2  testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
3  1995). Because the ALJ's decision to reject Ms. Hartnett's RFC assessment is supported by
4  substantial evidence, the Court must affirm the decision. *See* 42 U.S.C. § 405(g) ("The
5  findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be
6  conclusive[.]"); *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990) ("Neither the district
7  court nor this court can substitute its own determination of what the evidence shows for the
8  ALJ's if there is sufficient evidence to support the ALJ's outcome."); *see also Andrews*,
9  53 F.3d at 1041 ("Where the opinion of the claimant's treating physician is contradicted, and
10 the opinion of a nontreating source is based on independent clinical findings that differ from
11 those of the treating physician, the opinion of the nontreating source may itself be substantial
12 evidence; it is then solely the province of the ALJ to resolve the conflict."); *Tonapetyan v.*
13 *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("The ALJ rejected Dr. Gevorkian's opinion
14 because it was unsupported by rational or treatment notes, and offered no objective medical
15 findings to support the existence of Tonapetyan's alleged conditions. . . . When confronted
16 with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that
17 is conclusory and brief and unsupported by clinical findings."); *Sanchez v. Sec. of Health &*
18 *Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987) (holding that the ALJ's decision rejecting
19 a treating physician's opinion that the claimant was unable to perform light work was
20 supported by substantial evidence where the opinion was not based on appropriate medical
21 findings and conflicted with the opinions of two examining physicians).

22           **2.**     **Shilpa Bhatnagar, M.D.**

23 Dr. Shilpa Bhatnagar treated Plaintiff from March 2003 to November 2004. Tr. 292.
24 On April 9, 2004, Dr. Bhatnagar indicated in a disability assessment form that Plaintiff had
25 "a physical or mental incapacity which prevents [her] from performing any gainful
26 employment" and that her impairment "has lasted or can be expected to last for a continuous
27 period of not less than 12 months." Tr. 294. On November 23, 2004, Dr. Bhatnagar stated
28 in a letter that Plaintiff has diabetes, asthma, depression, and chronic low back pain. Tr. 292.

1    Plaintiff argues that the ALJ failed to give proper weight to Dr. Bhatnagar's opinion. Doc. #12 at 6-8. As explained above, the ALJ may reject a treating physician's opinion if it is brief, conclusory, or unsupported by clinical findings. *See Thomas*, 278 F.3d at 957. The ALJ also may reject a treating physician's opinion that is controverted by another medical opinion if the ALJ sets forth "'specific, legitimate reasons for doing so that are supported by substantial evidence in the record.'" *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ set forth three reasons for rejecting Dr. Bhatnagar's opinion. First, Dr. Bhatnagar performed no musculoskeletal examinations to determine whether Plaintiff had any functional limitations. Tr. 17. Rather, Dr. Bhatnagar merely checked off boxes on the disability assessment form without specifying any impairments or functional limitations or providing any bases to support his conclusions. Tr. 294. Although Dr. Bhatnagar provided a subsequent letter that identified Plaintiff's impairments, he did not state that those impairments limited Plaintiff's ability to function or otherwise precluded Plaintiff from working. Tr. 292. Second, Dr. Bhatnagar's opinion was not supported by his treatment notes and an MRI of Plaintiff's lumbar spine, which showed that Plaintiff had only mild back problems. Tr. 17; *see* Tr. 313-16. Third, Dr. Bhatnagar's opinion conflicted with the medical notes of other physicians. Tr. 17-18. Treating physician Jean Paul consistently noted that Plaintiff was in no acute distress and recommended physical therapy for her low back pain. Tr. 324-34. Examining physician Stephen Papadopoulos concluded that Plaintiff had normal muscle strength, a stable alignment of the lumbar spine, and degenerative disk disease that was non-severe. Tr. 335-38.

The Court concludes that these reasons are both specific and legitimate and are supported by substantial evidence. The ALJ did not fail to give proper weight to Dr. Bhatnagar's opinion. *See Bayliss*, 427 F.3d at 1216 (holding that a discrepancy between a doctor's assessment of functional limitations and medical notes and observations was a clear and convincing reason for rejecting the doctor's opinion); *Thomas*, 278 F.3d at 957 (holding that the ALJ did not err in rejecting a treating physician's opinion where "[t]he

ALJ's interpretation of conflicting medical evidence [was] supported by substantial evidence included in his factual findings"); *Andrews*, 53 F.3d at 1043 (holding that "the ALJ met his burden of giving specific, legitimate reasons based on substantial evidence for rejecting the examining physician's opinion . . . in favor or the nonexamining expert's opinion").

### B. Did the ALJ Err by Discounting Plaintiff's Testimony?

Plaintiff testified at the hearing before the ALJ that she is unable to perform even sedentary work. Tr. 372-96. The ALJ did not accept Plaintiff's testimony to the extent it conflicted with the ALJ's RFC determination. Tr. 19. Plaintiff contends that the ALJ erred in discounting Plaintiff's testimony. Doc. #12 at 8-13. Defendant argues that the ALJ made sufficiently specific findings and did not arbitrarily discount Plaintiff's testimony. Doc. #15 at 10-12.

The ALJ set forth several reasons for discounting Plaintiff's testimony. Tr. 19. First, Plaintiff admitted at the hearing that she lied on an official Social Security document by falsely indicating that she completed the twelfth grade of school. *Id.* (citing Tr. 67-76); *see* Tr. 396. Second, Plaintiff's alleged limitations were inconsistent with the treatment she received, which generally consisted of routine office visits and conservative treatment. Tr. 19. Third, Plaintiff continued to smoke despite the adverse affects on her respiratory and other physical problems. *Id.* (citing Tr. 192-02, 281, 336). Fourth, Plaintiff was able to do her own laundry, cook for herself, play with her granddaughter, watch television throughout the day, drive, and occasionally run errands and go to the movies with her family. *Id.*; *see* Tr. 173, 193, 391-93. Finally, Plaintiff had good cognitive functioning with no episodes of decompensation and the medical evidence showed no significant side-effects from medication. *Id.* (citing Tr. 172-77).

The Court concludes that these reasons are clear and convincing and are supported by substantial evidence. The ALJ did not err in discrediting Plaintiff's testimony that her limitations preclude her from performing all work. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (stating that in evaluating symptoms, including pain, an ALJ may consider daily activities, the effects of medication, and the treatment received); *Thomas*, 278 F.3d at

958-59 (holding that the ALJ did not err in rejecting the claimant's testimony where the claimant "was able to perform various household chores such as cooking, laundry, [and] washing dishes"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming the ALJ's credibility analysis where the ALJ "pointed out ways in which Rollins' claim to have totally disabling pain was undermined by her own testimony about her daily activities, such as . . . cooking, housekeeping, [and] laundry"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (affirming the ALJ's credibility analysis where the ALJ "determined that Morgan's ability to fix meals, do laundry, . . . and occasionally care for his friend's child served as evidence of Morgan's ability to work"); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (holding that in the credibility analysis the ALJ may consider inconsistencies between the claimant's allegations and medical records); *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (holding that the claimant's misrepresentations and falsification of records in the course of pursuing disability benefits supported the ALJ's finding that the claimant was not credible in his assertions of severe pain and substantial work limitations).

**C.     Did the ALJ Err by Finding that Plaintiff Can Perform Her Past Work?**

Plaintiff argues that the ALJ erred by finding that Plaintiff can perform her past work as a machine operator and a telephone operator. Doc. #12 at 13. Plaintiff contends that the ALJ erred because the vocational expert testified that if Ms. Hartnett's opinion was credited as true, Plaintiff would be precluded from performing all work. Doc. #12 at 13; *see* Tr. 404. As discussed above, however, the ALJ properly rejected Dr. Hartnett's opinion. The ALJ was thus not required to accept the vocational expert's testimony based on Ms. Hartnett's opinion.

Plaintiff further contends that the ALJ failed to include all of the limitations set forth in the opinion of Dr. Steven Hirdes, which the ALJ found highly probative. Doc. #17 at 3; *see* Tr. 18. Dr. Hirdes opined that Plaintiff was seriously limited in her ability to maintain attention and concentration, behave in an emotionally stable manner, demonstrate reliability, and deal with the public and work stresses. Tr. 176-77. The vocational expert testified that

those limitations would preclude Plaintiff from working as a telephone operator, but not as a machine operator. Tr. 403. Thus, although the ALJ erroneously concluded that Plaintiff could work as a telephone operator, he did not err in concluding that Plaintiff was able to perform her past work as a machine operator. *See* Tr. 20.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. #10) is **denied**.
2. Defendant's cross-motion for summary judgment (Doc. #14) is **granted**.
3. Defendant's administrative decision is **affirmed**.

DATED this 11th day of April, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge